FREDERICK AYER, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 8184.   Promulgated February 18, 1927.

1. The original cost of stock is not necessarily the basis for
determining profit or loss upon a sale.

2. Where the Commissioner determined that the original cost of
stock had been reduced by the exercise of stockholder's rights to
subscribe to additional stock, which rights arose out of the owner-
ship of such original stock, *held*, that petitioner has not established
the computation to be incorrect by showing only the original cost
of the stock.   *Miles* v. *Safe Deposit & Trust Co.*, 259 U. S. 247.

*James Craig Peacock, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, and *Julian Gibbs, Esq.*, for the respondent.

The petitioner seeks a redetermination of a deficiency in income
taxes for 1920 in the amount of $22,372.66 as determined by the
Commissioner.   The petitioner alleges that the Commissioner com-
mitted error in failing to determine that a loss was sustained on the
sale of 300 shares of stock of the First National Bank of Boston.

FINDINGS OF FACT.

Prior to January 1, 1920, the petitioner had acquired by purchase
in the open market, or by the exercise of subscription rights, 300
shares of the capital stock of the First National Bank of Boston, at
a cost to him of $120,637.50.   The ownership of these shares was
evidenced by eight certificates of stock.   On December 6, 1920, he
sold 300 shares of the capital stock of the First National Bank of
Boston for $85,500 and upon such sale delivered the eight certificates
of stock referred to above.   Upon such sale the petitioner paid stamp
taxes of $12.

The Commissioner determined that in 1920 the bank offered to its
stockholders one new share at $100 for each share then held, and
further determined that the petitioner exercised his right and pur-
chased, in April, 1920, 300 shares of the capital stock of the First
National Bank of Boston for $30,000.   He determined the cost of
the stock of the petitioner as follows:

| | |
|---|---:|
| Cost of original 300 shares | $120, 637. 50 |
| Cost of 300 additional shares | 30, 000. 00 |
| Cost of 600 shares | 150, 637. 50 |

Upon this basis the Commissioner determined the cost to the peti-
tioner of the 300 shares sold to be $75,318.75 and computed the
deficiency accordingly.

OPINION.

PHILLIPS: Upon the hearing counsel for the parties submitted in evidence the Bureau letter setting out the basis for the computation of the deficiency. The petitioner proved the sales price, the numbers of the certificates delivered, and the original cost of 300 shares evidenced by the certificates of stock which were delivered upon the sale and rested. The Commissioner then called to the stand the two witnesses who had testified on behalf of the petitioner and also counsel for the petitioner. Their testimony was to the effect that they did not know whether or not any rights to subscribe for stock had been issued in 1920 by the First National Bank of Boston to its stockholders, or whether petitioner had acquired any stock in 1920 by reason of the exercise of any such rights. Upon this record the deficiency determined by the Commissioner must be approved.

The original cost of stock is not necessarily the basis for determining profit and loss. This cost may be increased by the payment of assessments or decreased by liquidating dividends, stock dividends, or the exercise of rights to subscribe to stock, which rights the Supreme Court, in *Miles v. Safe Deposit & Trust Co.*, 259 U. S. 247; 42 Sup. Ct. 483; 3 Am. Fed. Tax Rep. 3168, held to be essentially analagous to a stock dividend.

There was no dispute between the Commissioner and the petitioner as to the original cost of the stock acquired before 1920 or as to the selling price of the stock sold. The sole issue was whether the original cost was decreased by the exercise of stock rights in 1920. The Commissioner having found that there was such an exercise of stock rights and the petitioner having failed to submit any evidence upon the sole question in dispute, the petitioner has failed to establish a cost basis other than that determined by the Commissioner.

*Decision will be entered for the Commissioner.*